**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Herbert York, | ) | Civil Action No. 1:20-cv-1367-RMG |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Kirkland Evaluation and Reception | ) | |
| Center; Sgt. Ms. Williamson; | ) | |
| Ofc. Ms. McNyla; and Mr. Goodson, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 17) recommending the Court sumarily dismiss Kirkland Evaluation and Reception Center. For the reasons set forth below, the Court adopts the R & R as the order of the Court.

## I.   Background

Plaintiff Herbert York is proceeding *pro se* and *in forma pauperis*. He files this action alleging claims under 42 U.S.C. § 1983 against Kirkland Evaluation and Reception Center ("KERC"), Sergeant Ms. Williamson, Officer Ms. McNyla, and Mr. Goodson. Plaintiff alleges these individuals failed to protect him when he advised them he felt like harming himself. (Dkt. No. 1). On June 4, 2020, the Magistrate Judge issued an R & R recommending the Court summarily dismiss KERC from this action. (Dkt. No. 17 at 1).

## II.   Legal Standard

### A.   Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court.

*See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects.  Fed. R. Civ. P. 72(b)(2).  Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).  "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation."  *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015).  *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983).  Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

### B.     *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C.     Failure to State a Claim

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief.  The same standard applies to complaints filed by a plaintiff proceeding *in forma pauperis*.

28 U.S.C.A. § 1915(e)(2).  To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

III.   **Discussion**

After a review of the R & R, the Court finds the Magistrate Judge ably concluded that KERC should be dismissed from this action.  Plaintiff filed his complaint alleging claims pursuant to 42 U.S.C. § 1983.  To state a claim filed pursuant to 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law.  *Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011).  In this case, Plaintiff names KERC as a Defendant, which is a facility used to house inmates.  As KERC is a building and not a person amenable to suit pursuant to § 1983, KERC is summarily dismissed.

IV.   **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 17) as the order of the Court and **DISMISSES** Kirkland Evaluation and Reception Center with prejudice and without issuance and service of process.

3

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

July 1, 2020
Charleston, South Carolina