IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Herbert Demond York, ) | Civil Action No. 1:20-cv-01367-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Sgt. Ms. Williamson and Mr. Goodson, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 59) recommending the Court dismiss the case for failure to prosecute. For the reasons stated below, the Court adopts the R & R as the Order of the Court.

I. **Background**

Herbert Demond York ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action alleging violations of his constitutional rights by Sgt. Ms. Williamson and Mr. Goodson ("Defendants"). (Dkt. No. 1). On August 31, 2020, Defendants filed a motion to dismiss. (Dkt. No. 30). The Court entered a Roseboro Order informing Plaintiff that if he failed to respond adequately, the motion may be granted. (Dkt. No. 32). On October 6, 2020 the Court entered a text order extending Plaintiff's deadline to respond until October 20, 2020. (Dkt. No. 39).

On October 15, 2020 Plaintiff filed a notice of change of address and the Court's Roseboro Order was mailed to the Plaintiff's new address. (Dkt. Nos. 41; 42). On October 23, 2020 Plaintiff filed a letter indicating he wished to proceed with the case and requested that all new mail be sent to his new address. (Dkt. No. 46). The same day, the Court entered a text order extending Plaintiff's response deadline to November 6, 2020. (Dkt. No. 48). On November 2, 2020, Plaintiff

1

filed a letter explaining he did not receive the motion to dismiss and requested the opportunity to conduct discovery prior to responding. (Dkt. No. 50). On November 3, 2020, the Court issued a text order instructing the clerk's office to mail Plaintiff another copy of the Roseboro Order, denying Plaintiff's request to conduct discovery, and permitting Plaintiff until December 4, 2020 to file a response to the motion. (Dkt. No. 52; 53). Plaintiff did not file a response. On December 8, 2020, the Court entered a text order instructing Plaintiff to advise the Court by December 22, 2020 whether he wished to continue with the case. (Dkt. No. 54). On December 23, 2020, Plaintiff filed a subsequent change of address. (Dkt. No. 56). On January 5, 2021, the Court issued a text order extending Plaintiff's deadline to respond until January 26, 2021. (Dkt. No. 57). Plaintiff has not filed a response to Defendants' motion to dismiss.

The Magistrate Judge issued an R & R on January 26, 2021 recommending the Court dismiss the case for failure to prosecute. (Dkt. No. 59). Plaintiff has not filed objections to the R & R and the matter is ripe for the Court's review.

## II.  Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover,

in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff has not filed objections in this case and the R & R is reviewed for clear error.

### III. Discussion

Upon a review of the R & R, the Court finds the Magistrate Judge correctly determined that Plaintiff's case is subject to dismissal for failure to prosecute. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). *See also Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), FED. R. CIV. P. The Court issued a Roseboro Order that was mailed to Plaintiff explaining that Plaintiff was required to file a response to Defendants' motion to dismiss, or Defendants' motion may be granted and end his case. (Dkt. Nos. 32; 42; 53). The deadline for Plaintiff to file a response to Defendants' motion to dismiss was January 26, 2021. (Dkt. No. 57). As Plaintiff has not filed a response to Defendants' motion to dismiss, his case is dismissed with prejudice for lack of prosecution.

### IV. Conclusion

For the reasons stated above, the Court adopts the R & R (Dkt. No. 59) as the Order of the Court and Plaintiff's case is **DISMISSED** for lack of prosecution. **AND IT IS SO ORDERED**.

                                                                s/Richard Mark Gergel
                                                                 Richard Mark Gergel
                                                                 United States District Judge

February 12, 2021
Charleston, South Carolina